UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN SAS,<br>on behalf of himself and the class<br>defined below,<br><br>    PLAINTIFF,<br><br>    v.<br><br>ZENITH ACQUISITION CORP.,<br><br>    DEFENDANT. | Civil Action No._____<br><br>Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Ioan Sas, individually and on behalf of all others similarly situated, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Zenith Acquisition Corporation. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as Defendant maintains a business office here and does business in the State of Illinois.

2. Venue in this District is proper because Defendant's collection demand was received here, and Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Ioan Sas ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Zenith Acquisition Corp., ("Defendant") is a national company, headquartered in the State of New York, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, §1692a. Defendant is engaged in the business of collecting debts, including debts from debtors in this State, where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. Defendant is a licensed collection agency in the State of Illinois.

## FACTS COMMON TO ALL COUNTS

6. Some time before July, 2010, Plaintiff incurred an alleged financial obligation for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Namely, Plaintiff incurred a debt and bill to Capital One as the result of usage of a credit card it issued to Plaintiff with account#5570091816736019.

7. Sometime thereafter, the alleged debt was purchased by North Star Capital Acquisition.

8. Sometime thereafter, the alleged debt was assigned to First National Collection Bureau, a debt collector, to bring about collection from the Plaintiff.

9. On or about August 3, 2010, Plaintiff received a first collection letter from First National Collection Bureau, stating in part that Plaintiff owed $2,754.35 to creditor North Star Capital Acquisition LLC. (Exhibit A, Letter from First National Collection Bureau dated July 26, 2010).

10. In response to the receipt of said letter, on August 17, 2010 Plaintiff sent First National Collection Bureau a letter disputing the alleged debt and requesting verification of the alleged debt. (Exhibit B, facsimile letter sent by Plaintiff to First National Collection Bureau and verification of transmission showing proof of receipt).

11. First National Collection Bureau did not respond to Plaintiff's verification request.

12. Sometime thereafter, the alleged debt was assigned to Defendant Zenith to bring about collection from the Plaintiff.

13. Defendant sent Plaintiff an initial undated form collection letter ("letter") that was received by Plaintiff on August 30, 2010. Said letter did not contain the notice required by 15 U.S.C. 1692g. (Exhibit C, Collection Letter from Defendant).

14. Said letter reads, in part, that "we are in receipt of your correspondence."

15. Plaintiff had not previously sent any correspondence to Defendant to which it could respond, and Plaintiff had less than two weeks earlier faxed First National Collection Bureau—a different debt collector—a request to verify the same alleged debt.

16. Said letter also reads, in part, as follows:

**Please be advised that Zenith Acquisition Corp. has requested your credit file to be updates as disputed. It will remain in disputed status until you receive validation of the debt from our office.**

(Exhibit C, Collection Letter from Defendant).

17. The Fair Debt Collection Practices Act, 15 U.S.C. 1692e(8), reads in part as follows:

**§1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

…

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

18. By stating in said letter that the account "will remain in disputed status until you receive validation of the debt from our office", Defendant materially misrepresents the requirements of 15 U.S.C. 1692e(8), which does not provide that a debt reported as being disputed to the credit reporting bureaus may cease to be reported as being disputed when a consumer receives from a debt collector what a debt collector purports to be "validation" of a debt.

19. By stating in said letter that the account "will remain in disputed status until you receive validation of the debt from our office", Defendant threatens to report, at a future date, that the disputed alleged debt is not in dispute, even though the amount or existence of said debt may continue to be considered "disputed" by the consumer even after he receives what the Defendant purports is "validation" of the debt.

20. Upon information and belief, the letter sent from Defendant to the Plaintiff is a form letter commonly used by Defendant in its attempts to collect consumer debts, and is regularly sent out to consumers

21. Defendant did not send to the Plaintiff, within 5 days of having sent Plaintiff the letter which was the initial communication with Plaintiff, information that is required by 15 U.S.C. §1692g.

## INDIVIDUAL COUNT

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

23. Defendant's violations of the FDCPA include, but are not limited to:

   A. Defendant violated §1692g when it failed to provide Plaintiff, either within 5 days after the initial communication with the Plaintiff or in the initial communication with Plaintiff, the information required by this section, §1692g;

   B. Defendant violated §1692d by engaging in conduct, as set forth and described in subparagraph "A" above, the natural consequence of which is to oppress, harass, and abuse the Plaintiff;

   C. Defendant violated §1692f when, through the acts as set forth and described in subparagraph "A" above, it used unfair and unconscionable means to attempt to collect the alleged debt;

   D. Defendant violated §1692e when it stated that it is in receipt of Plaintiff's correspondence when in fact Plaintiff had not at all previously communicated with Defendant, regarding the alleged debt;

   E. Defendant violated §1692e (10) when it stated that it is in receipt of Plaintiff's correspondence when in fact Plaintiff had not at all previously communicated with Defendant, regarding the alleged debt;

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages;

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(2); and

    D.    Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

## CLASS COUNT I

25. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

26. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect delinquent consumer debts via sending, within one year previous to the filing of this Complaint, the type and form of letter Defendant sent to Plaintiff, a copy of which is attached hereto as Exhibit C, where said letter reads that a debtor's credit file "will remain in disputed status until you receive validation of the debt from our office". By sending said letter, Defendant falsely and deceptively threatens to report, at a future date, that a disputed alleged debt is not in dispute, even though the amount or existence of said debt may continue to be considered "disputed" by the consumer even after he receives what the Defendant purports is "validation" of the debt. This action seeks a declaration that Defendant's envelopes violate the FDCPA, §1692e, §1692e(8), §1692f, and §1692d, and asks that the Court award damages as authorized by §1692k(a)(2) of the FDCPA.

27. Defendant regularly engaged and/or engages in debt collection from other consumers, using the same type and form of letter it sent Plaintiff, in its attempts to collect delinquent consumer debts from other persons.

28. Upon information and belief, the Class consists of more than 50 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent to Plaintiff.

29. Plaintiff's claims are typical of the claims of the Class. Common questions of law and fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

31. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff has retained counsel that has substantial experience in FDCPA litigation.

## **PRAYER FOR RELIEF**

Plaintiff, IOAN SAS, individually and on behalf of all others similarly situated prays that this Court:

1. Certify a Class in this matter and appoint Plaintiff as the representative of the Class and her attorneys as Counsel to the Class;

2. Find that Defendant's actions violated the FDCPA;

3. Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorney's fees, as provided by §1692k(a) of the FDCPA; and

4. Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

Ioan Sas, individually and on behalf of all others similarly situated

By: /s/ M. Kris Kasalo
**The Law Office of M. Kris Kasalo**
111 East Wacker, Ste. 555
Chicago, IL 60601
(773) 847-2600
(773) 847-0330
ARDC# 6212190
mkriskasalo@yahoo.com